## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**SHELIA S. BOWE-CONNOR,**

     **Plaintiff,**

     **v.**

**ERIC K. SHINSEKI, Secretary of Veteran Affairs**

     **Defendant.**

**Civil Action No. 10-2032 (JDB)**

## MEMORANDUM OPINION

Plaintiff Shelia S. Bowe-Connor ("Bowe-Connor" or "plaintiff") brings this action against Eric K. Shinseki, in his capacity as the Secretary of Veterans Affairs, ("Secretary" or "defendant") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").  Defendant has moved to dismiss or alternatively for summary judgment. For the reasons explained below, the Court will grant defendant's motion.

## BACKGROUND

The facts and background of the case are set forth fully in this Court's prior opinion.  See Bowe-Connor v. Shinseki, 845 F. Supp. 2d 77, 77-84 (D.D.C. 2012).  Plaintiff is a pharmacist with the Department of Veterans Affairs, where she has been employed since 1984. Sec. Am. Compl. ¶ 9.  She works in the Outpatient Pharmacy at the VA Medical Center.  Id. ¶ 11.

Bowe-Connor, acting pro se, initially brought claims alleging violations of Title VII, the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the Equal Pay Act, 29 U.S.C. § 206(d) et seq. ("EPA").  Compl. ¶¶ 1, 2, 4, 8.  That complaint, which was filed when Bowe-Connor was proceeding pro se, generally contended that officials at the Department

of Veterans Affairs ("VA") discriminated against her on the basis of age, sex, and national

origin; retaliated against her due to her Equal Employment Opportunity Commission ("EEOC")

activity; and subjected her to a hostile work environment.  Id. ¶¶ 5, 13, 23.  Plaintiff also asserted

that male pharmacists performing the same work were paid more than she was, in violation of

the EPA.  Id. ¶¶ 35-36.  Defendant moved to dismiss plaintiff's Title VII and ADEA claims for

failure to exhaust and failure to state a claim, Fed. R. Civ. P. 12(b)(6), and plaintiff's EPA claim

for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1).  See generally Def.'s 1st Mot. to

Dismiss.  At that time, the Court granted defendant's motion to dismiss the EPA claim for lack

of subject matter jurisdiction, but, given Bowe-Connor's pro se status, denied the motions to

dismiss the Title VII and ADEA claims concluding that it lacked sufficient clarity and

information on the claims in the complaint.  See Bowe-Connor, 845 F. Supp. 2d at 89-95.

Because Bowe-Connor secured counsel after the first motion to dismiss was fully briefed, the

Court gave her an opportunity to address the deficiencies identified in that prior decision, and

granted leave to Bowe-Connor to file an amended complaint.  Id. at 96.

 Bowe-Connor has now filed an amended complaint.[1]  In her amended complaint, she

alleges national origin discrimination and retaliation claims.  As to national origin

discrimination, she claims that her supervisor gave favorable treatment to employees of

Ethiopian descent over employees of non-Ethiopian descent.  Id. ¶¶ 14-16.  Specifically, Bowe-

Connor states that she received no bonus in March 2009, which was because of national origin

discrimination.  Id. ¶ 52-53.  She states in addition that other non-Ethiopian employees received

lower bonuses than those recommended by her supervisor for employees of Ethiopian descent.

---

[1] Plaintiff's first amended complaint was filed on March 16, 2012, and a motion to
dismiss was filed shortly thereafter.  Because that amended complaint has been superseded by
plaintiff's second amended complaint, the motion to dismiss the first amended complaint will be
denied as moot.

Id. ¶ 54.  Bowe-Connor also makes retaliation claims as to a proposed five-day suspension, the

chargng of 3.5 hours of leave without pay by improper reduction of her sick leave, and a letter of

counseling for excessive leave usage.  Defendant has moved to dismiss Bowe-Connor's second

amended complaint, or, in the alternative, for summary judgment.

## STANDARD OF REVIEW

All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).  Although "detailed

factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide

the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and

conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S.

at 555-56; see also Papasan v. Allain, 478 U.S. 265, 286 (1986).  "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting

Twombly, 550 U.S. at 570); accord Atherton v. District of Columbia Office of the Mayor, 567

F.3d 672, 681 (D.C. Cir. 2009).  A complaint is plausible on its face "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  This amounts to a "two-pronged

approach" under which a court first identifies the factual allegations entitled to an assumption of

truth and then determines "whether they plausibly give rise to an entitlement to relief."  Id. at

1950-51.

The notice pleading rules are not meant to impose a great burden on a plaintiff.  Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002).  When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor.  Leatherman v. Tarrant Cnty.  Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); see also Erickson, 551 U.S. at 94 (citing Twombly, 550 U.S. at 555-56).  The plaintiff must be given every favorable inference that may be drawn from the allegations of fact.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Nor does the court accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949-50 (internal quotation marks omitted); see also Aktieselskabet AF 21. November 21 v. Fame Jeans Inc., 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (explaining that the court has "never accepted legal conclusions cast in the form of factual allegations").

When both parties submit matters outside the pleadings, the Court should proceed under a summary judgment analysis. [2]  See, e.g., Fed. R. Civ. P. 12(d); Ahuja v. Detica, Inc., 742 F.

---

[2]  The parties refer to materials already attached to their prior pleadings in this latest round of briefing. Therefore, it is appropriate for the Court to consider the record in its entirety.  See, e.g., Wright & Miller, Fed. Prac. & Procedure § 2721 (collecting cases where courts have considered the entire record, including  previously submitted materials unrelated to the motion); see also Stephanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 930-33 (1st Cir. 1983) (citing court's obligation to consider "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits'" and noting no limitation on

Supp. 2d 96, 103 (D.D.C. 2010) (citing Langley v. Napolitano, 677 F. Supp. 2d 261, 263 (D.D.C.

2010); Johnson v. Peake, 634 F. Supp. 2d 27, 29-30 (D.D.C. 2009).  "[B]ecause the Court must

look outside the pleadings to resolve defendant's motion to dismiss, the Court will analyze

plaintiff's alleged failure to exhaust her Title VII [and ADEA] administrative remedies under the

summary judgment standard."  Augustus v. Locke, 699 F. Supp. 2d 65, 69 n.3 (D.D.C. 2010).

Summary judgment is appropriate where the pleadings and the evidence demonstrate that

"there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial

responsibility of demonstrating the absence of a genuine dispute of material fact.  See Celotex

Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "A fact is 'material' if a dispute over it might affect

the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do

not affect the summary judgment determination."  Holcomb v. Powell, 433 F.3d 889, 895 (D.C.

Cir. 2006) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986)).

In determining whether there exists a genuine issue of material fact sufficient to preclude

summary judgment, the court must regard the non-movant's statements as true and accept all

evidence and make all inferences in the non-movant's favor.  See Anderson, 477 U.S. at 255.  A

non-moving party, however, must establish more than the "mere existence of a scintilla of

evidence" in support of its position.  Id. at 252.  By pointing to the absence of evidence proffered

by the non-moving party, a moving party may succeed on summary judgment.  Celotex, 477 U.S.

at 322.  The moving party may successfully support its motion by identifying those portions of

"the pleadings, the discovery and disclosure materials on file, and any affidavits" which it

---

the court's examination to "evidence pinpointed in the parties' memoranda") (citing Fed. R. Civ. Proc. 56(c)). A court may also consider "any documents either attached to or incorporated in the complaint." EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997).

believes demonstrate the absence of a genuine issue of material fact.  Fed. R. Civ. P. 56(c); see

Celotex, 477 U.S. at 323.  Summary judgment is appropriate if the non-movant fails to offer

"evidence on which the jury could reasonably find for the [non-movant]."  Id. at 252.

## ANALYSIS

### I.      Exhaustion of Bonus Claim

A federal employee bringing a lawsuit under Title VII or the ADEA is required to timely

exhaust his or her administrative remedies.  See, e.g., Harris v. Gonzales, 488 F.3d 442, 443

(D.C. Cir. 2007); Washington v. Wash. Metro. Area Transit Auth., 160 F.3d 750, 752 (D.C. Cir.

1998).  Failure to do so will ordinarily bar a judicial remedy.  See Brown v. Marsh, 777 F.2d 8,

13 (D.C. Cir. 1985); Rattigan v. Gonzales, 503 F. Supp. 2d 56, 68 (D.D.C. 2007).  The employee

is first required to contact an EEO counselor, and should the matter remain unresolved after

informal counseling, the employee may file a formal discrimination complaint with the agency.

See 29 C.F.R. § 1614.105; Bowie v. Ashcroft, 283 F. Supp. 2d 25, 33 (D.D.C. 2003).

Employees may not bring a civil action for employment discrimination unless they have first

received notice of "final action" taken by the agency, thereby exhausting their administrative

remedies.  See 42 U.S.C. § 2000e-16(c); Williams v. Dodaro, 576 F. Supp. 2d 72, 82 (D.D.C.

2008).  Moreover, the subsequent lawsuit is limited to claims that are "like or reasonably related

to the allegations of the charge and growing out of such allegations," so the agency may have fair

notice of the claims against it.  Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995)

(internal citation omitted).  The exhaustion requirement "should not be construed to place a

heavy, technical burden" on the plaintiff.  See Fennell v. AARP, 770 F. Supp. 2d 118, 126

(D.D.C. 2011) (citing Park, 71 F.3d at 907).  Instead, a plaintiff's allegations "should be

construed, to the extent consistent with permissible rules of interpretation, to protect the

employee's rights and statutory remedies." <u>Lyles v. District of Columbia</u>, 777 F. Supp. 2d 128, 134 (D.D.C. 2011) (citing and quoting <u>Fed. Express Corp. v. Holowecki</u>, 552 U.S. 389, 406 (2008)). This is because, ultimately, the "purpose of the exhaustion requirement is to put the agency on notice, not to create insurmountable procedural hurdles for a claimant." <u>Lyles</u>, 777 F. Supp. 2d at 134.

Defendant asserts that Bowe-Connor failed to administratively exhaust her claim regarding her lack of a bonus because it was not raised during the EEO process, either in Bowe-Connor's formal complaint or in her attempts to provide the EEO counselor with additional claims. Def.'s 3d Mot. to Dismiss at 8-9. Bowe-Connor makes two arguments in asserting that she did exhaust her administrative remedies. She argues that in her formal complaint, she had alleged that there was a "salary discrepancy" and that "[s]uch salary discrepancies naturally include claims concerning bonuses, as these are part of an employee's salary." Pl.'s Opp'n at 6. She also maintains that she addressed the lack of a bonus during the administrative proceedings by mentioning the bonus issue in an opposition brief. <u>Id.</u> Ultimately, both arguments are unavailing.

The only wage disparity claims that Bowe-Connor's formal EEO complaint contained were based on age and gender. The EEO complaint stated the following under "Claims": "no promotion, no opportunity for advancement, salary discrepancy between older pharmacist and new pharmacist" and sex discrimination based on "[d]isparate treatment of male pharmacist over female pharmacist. Most of the male pharmacist[s] are paid higher salaries and promoted faster." <u>See</u> EEO Compl., Def.'s 1st Mot. to Dismiss, Ex. B [ECF No. 7-1] ("EEO Compl."). She listed March 2009 as the date of occurrence for both claims. <u>Id.</u>

In contrast, all of the allegations in Bowe-Connor's second amended complaint regarding

her lack of a bonus refer to national origin discrimination as the cause.  No other basis is raised

with respect to this claim.  For example, Bowe-Connor states that she became aware that bonuses

paid to non-Ethiopian employees were lower than those received by employees of Ethiopian

descent after serving on a committee that reviewed bonuses given to employees.  Sec. Am.

Compl. ¶¶ 27, 29.  She further states that "[a]s one of those Non-Ethiopian employees, [she] felt

that she had been discriminated against based on her national origin after reviewing the

differences in the bonuses," id. ¶ 31, and that she believed that bonuses for "the prior year, 2008"

were lower because of her national origin, and that her supervisor failed to provide merit bonuses

to employees like plaintiff because of their national origins, id. ¶¶ 32-33.  Bowe-Connor also

claims that she received no bonus in March 2009 and that her supervisor "took this action

because of Plaintiff's national origin." Id. ¶¶ 52-53.

      Even assuming that Bowe-Connor is correct in arguing that her bonus claim can be

subsumed into the more general wage disparity claim that she made in her EEO complaint, the

claim that she failed to receive a bonus because of her national origin as stated in her second

amended complaint is not reasonably related to the allegations in her EEO complaint, which only

alleged age and gender as the bases for discriminatory treatment.  See, e.g., Lane v. Hilbert, 03-

5309, 2004 WL 1071330, at *1 (D.C. Cir. May 12, 2004) (per curiam) (affirming dismissal of

complaint on exhaustion grounds because district court complaint alleged sex discrimination and

sexual harassment while administrative complaint alleged racial discrimination and hostile work

environment); Nyunt v. Tomlinson, 543 F. Supp. 2d 25, 35 (D.D.C. 2008) (dismissing racial

discrimination claim on exhaustion grounds because complainant only made a claim of national

origin discrimination in administrative complaint); Ndondji v. InterPark Inc., 768 F. Supp. 2d

263, 273-74 (D.D.C. 2011) (same).  The record also indicates that the agency understood Bowe-

Connor's claims with respect to wage disparities to be based on age and gender. See EEO

Compl.; Partial Acceptance of EEO Claims, Def.'s 1st Mot. to Dismiss, Ex. A [ECF 7-2]; Final

Agency Decision, Compl. Ex. II [ECF 1-1]. The agency was only put on notice about a potential

age or gender discrimination claim involving Bowe-Connor's asserted wage disparities

(including any argument regarding the bonuses Bowe-Connor alleges she did not receive).

Bowe-Connor's alternative argument that she raised the bonus issue in her opposition

brief during the administrative proceedings also must fail. As defendant points out, Bowe-

Connor did not follow the regulations to amend any of her pleadings to raise a bonus claim. See

29 C.F.R. § 1614.106(d) ("After requesting a hearing, a complainant may file a motion with the

administrative judge to amend a complaint to include issues or claims like or related to those

raised in the complaint."). Bowe-Connor did not make a motion to amend the complaint.

Instead, her opposition brief, which mentions her failure to receive a bonus, was filed in response

to defendant's motion for a decision without a hearing. In addition, the opposition brief supports

a reading that Bowe-Connor did not anticipate that her wage disparity claim included a claim

about bonuses. See Pl.'s Opp'n, Ex. 6 [ECF No. 30-6] ("Complainant *now* asserts since October

2008 bonuses, promotions, and grade increases ceased.") (emphasis added). Although there was,

at first, some confusion and discrepancy between certain claims she maintained had been

conveyed to the EEO counselor she initially spoke with, and what claims had ultimately been

accepted by the agency for investigation, see Bowe-Connor, 845 F. Supp. 2d at 87-88, none of

those issues are relevant to the question here. Bowe-Connor does not make the argument (then

or now) that the agency, at the administrative level, overlooked a claim over an alleged lack of

bonuses due to national origin discrimination. She simply did not raise it. Because Bowe-

Connor did not make a claim that she failed to receive a bonus because of her national origin in

her EEO complaint, that claim is unexhausted and will not be considered by the Court.

## II.     Retaliation Claims

Defendant argues that Bowe-Connor's retaliation claims based on her proposed suspension for improperly dispensing medication, the assessment of 3.5 hours of leave without pay, and the counseling letter for excessive leave usage should all be dismissed because they fail to constitute materially adverse employment actions.  The Court agrees.

To establish a prima facie case for retaliation, a plaintiff must show that (1) she engaged in statutorily protected activity; (2) a reasonable employee would have found the challenged employment action materially adverse; and (3) there was a causal connection between the protected activity and the materially adverse action." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67-69 (2006); Jones v. Bernanke, 557 F.3d 670, 677 (D.C. Cir. 2009).  By filing an EEO complaint, Bowe-Connor plainly engaged in protected activity.  However, she must also show that she suffered (1) a materially adverse action (2) because she brought or threatened to bring a discrimination claim. Baloch v. Kempthorne, 550 F.3d 1191, 1198 (D.C. Cir. 2008).  A materially adverse action is one that "would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Burlington, 548 U.S. at 68 (citing Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).  Although the scope of an adverse action in the context of a retaliation claim is broader than what would support a discrimination claim, the materiality requirement nevertheless applies in both contexts.  See Rattigan v. Gonzales, 503 F. Supp. 2d 56, 75 (D.D.C. 2007) (quoting and citing Burlington, 548 U.S. at 67-68)); see also Rochon, 438 F.3d at 1219.   Bowe-Connor's claims fail because the employment actions she complains of fail to rise to the level of materially adverse actions so as to be actionable as retaliation claims.

On February 11, 2009, Bowe-Connor filled medication for a veteran, <u>see</u> Sec. Am. Compl. ¶ 17, that defendant claims was improperly dispensed because Bowe-Connor explicitly disobeyed a supervisor's orders.  <u>See</u> Proposed 5-Day Suspension, Pl.'s Opp'n, Ex. 5 [ECF 30-5].  Bowe-Connor received a letter dated May 22, 2009, proposing to suspend her for five days for deliberate refusal to carry out supervisory instructions and disrespectful conduct toward her supervisor.  <u>Id.</u>  Bowe-Connor claims that this proposed letter of suspension was sustained by Terrill Washington, the Chief of Pharmacy Service, weeks after she had filed her formal EEO complaint, and was done in retaliation for that complaint.  Sec. Am. Compl. ¶¶ 59-61.  However, a notice of proposed suspension does not constitute an adverse action.  <u>See, e.g.</u>, <u>Baloch</u>, 550 F.3d at 1199 (stating that "courts have been unwilling to find adverse actions where the suspension is not actually served" and citing cases); <u>Hayes v. Chao</u>, 541 F. Supp. 2d 387, 394 (D.D.C. 2008) ("[T]he D.C. Circuit has repeatedly held that threats of *future* adverse actions are not tangible harms that may constitute adverse actions.") (emphasis in original).  Bowe-Connor concedes that she has not served this suspension.  <u>See id.</u> ¶ 26.  Moreover, there are no pending disciplinary actions against her arising from this incident.  <u>See</u> Decl. of Larry L. Williams, Def.'s 3d Mot. to Dismiss, Ex. A [ECF 29-3].  Accordingly, Bowe-Connor cannot proceed on a retaliation claim based on her proposed letter of suspension.

Bowe-Connor's claim regarding the 3.5 hours of leave is also infirm.  She alleges that she received a written letter of counseling on May 19, 2009 concerning her leave usage, and that she had been "charged for leave without pay for sick time she requested but apparently did not have sufficient time for."  Sec. Am. Compl. ¶ 46; Counseling Letter, Def.'s 2d Mot. to Dismiss, Ex. B [ECF 25-2].  It stated that from January 2009 to May 2009, Bowe-Connor had used 52.2 hours of sick leave, 13.75 hours of annual leave, and 3.5 hours of leave without pay in the absence of

accrued sick leave.   It further stated that Bowe-Connor's use of unplanned leave was excessive, and was negatively impacting the pharmacy's ability to carry out its mission.  Id. The letter went on to state that Bowe-Connor's leave usage would be closely monitored and that, should her leave usage improve, the letter of counseling would be removed after six months. Id.

To the extent that Bowe-Connor makes a retaliation claim with respect to the May 19, 2009 letter of counseling she received concerning her leave usage, this Court previously explained why counseling letters, in most cases, do not constitute adverse employment actions, even under the more permissive standard applicable to retaliation claims.  See Bowe-Connor, 845 F. Supp. 2d at 91-93.  Bowe-Connor agrees that a "mere 'letter of counseling' would not constitute an adverse action under Title VII." Pl.'s Opp'n at 6 (citing Baloch, 550 F.3d at 1199. The counseling letter issued to Bowe-Connor "contained no abusive language, but rather job-related constructive criticism, which can 'prompt an employee to improve her performance.'" Bowe-Connor, 845 F. Supp. 2d at 92 (quoting and citing Baloch, 550 F.3d at 1199).

Bowe-Connor requested that her leave balance be audited and she concedes that she subsequently "was credited the sick leave that had been wrongfully deducted."  Sec. Am. Compl. ¶¶ 47-48.  She maintains that she was still charged for 3.5 hours of leave without pay and that the leave without pay had been charged in retaliation for her pursuit of EEO claims in March and April of 2009. Id. ¶¶ 48-49.  But in her amended complaint and opposition, Bowe-Connor does not claim that the audit restoring her leave was conducted in a retaliatory manner.  Instead, she focuses on the 3.5 hours purportedly charged as leave without pay and claims that she suffered a "direct economic harm" with respect to these hours.  Pl.'s Opp'n at 8.

What Bowe-Connor fails to establish, however, is that, under these circumstances, the failure to reinstate 3.5 hours out of the roughly 70 hours at issue constitutes a materially adverse

action such that a reasonable employee would have been dissuaded from filing an EEO

complaint.  See Burlington, 548 U.S. at 68 ("We speak of *material* adversity because we believe

it is important to separate significant from trivial harms.") (emphasis in original); Douglas-Slade

v. Lahood, 793 F. Supp. 2d 82, 99 (D.D.C. 2011) (placement on AWOL status for one day

insufficient to sustain plaintiff's retaliation claim because plaintiff "fail[ed] to demonstrate that

this one-time event had materially adverse effects on the terms or conditions of her employment,

or would have dissuaded a reasonable employee from pursuing an EEO complaint."); Dorns v.

Geithner, 692 F. Supp. 2d 119, 129 (D.D.C. 2010) ("[T]he denial of the plaintiff's request to take

three hours of advanced sick leave or leave without pay do[es] not rise to the level of [an]

adverse employment action[] under Title VII."); Threatt v. Donovan, 380 F. App'x 544, 548 (7th

Cir. 2010) (rejecting claim of adverse action based on charge of two hours absence without leave

because "this incident had such a negligible effect on her income that it cannot be considered

adverse"); Rhodes v. Ill. Dep't of Transp., 359 F.3d 498, 505 (7th Cir. 2004) (loss of one day's

wages not substantial enough to constitute an adverse action);  Porter v. Shinseki, 650 F. Supp.

2d 565, 574-75 (E.D. La. 2009) (defendant's failure to pay employee for two hours of time was

"not so harmful that the actions could well dissuade a reasonable worker from making or

supporting a charge of discrimination").  Indeed, Bowe-Connor sought an audit of her leave

balance, and she conceded that any sick leave "wrongfully deducted" had been credited back to

her account.  Sec. Am. Compl. ¶ 48.  She makes no allegation that the audit was conducted

improperly or with retaliatory results.   Accordingly, Bowe-Connor's allegation that she was

charged 3.5 hours of leave fails to constitute a materially adverse action to support her retaliation

claim.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss and alternative motion for summary judgment is granted.  A separate order accompanies this memorandum opinion.


**SO ORDERED.**


                                                    /s John D. Bates
                                         JOHN D. BATES
                                    United States District Judge

Dated: <u>January 25, 2013</u>